**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ———————————————— | ) | |
| ARNOLD REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1656 (RBW) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the defendant's motion to dismiss.[1]  For the reasons

discussed below, the motion will be granted.

**I.  BACKGROUND**

The plaintiff is a federal prisoner, Complaint ("Compl.") ¶ 1, who has been in the custody

of the Federal Bureau of Prisons ("BOP") since April 1996, *id.* ¶ 4.  He alleges that he "did not

complete his high school education[] prior to BOP detention," *id.* ¶ 6, and that, during his

incarceration, he "completed over 965 hours, in the BOP Education GED Program."  *Id.* ¶ 7; *see*

*id.* ¶¶ 12, 34.  Completion of these hours, the plaintiff asserts, makes him eligible for credit of 12

---

[1]     Also before the Court is the "Motion to withdraw the Plaintiffs [sic] motion for partial
summary judgment on the complaint pleadings and withdraw the plaintiffs [sic] 1-8-2012 reply
removing this courts [sic] Privacy Act Jurisdiction" [Dkt. #21], which the Court construes as a
motion to withdraw "Petitioner's [sic] Arnold Reeves Reply to the Governments [sic] Motion to
Dismiss" [Dkt. #16], insofar as the latter filing purports to "withdraw his Privacy Act Money
Damages Jurisdiction," Pl.'s Mot. to Withdraw at 1.  The motion will be denied, as will the
plaintiff's "Motion in Money Damages in the Privacy Act Extraordinary Violations on the Prima
Facie Complaint Pleadings in Partial Summary Judgment in Docket 1 Original Complaint Only"
[Dkt. #19].  The plaintiff's Privacy Act claims, including his demand for monetary damages,
necessarily fail for the reasons discussed in this Memorandum Opinion.

days per year (totaling 156 days) to be applied to his 20-year prison sentence. *Id.* ¶¶ 12-13.

According to the plaintiff, the BOP has denied his requests for the credit based on

"intentionally[] and willfully[] fabricated BOP records," *id.* ¶ 12 (emphasis removed), which do

not reflect the 965 education hours he has completed, *see id.* ¶¶ 45-46, 48-54.  He has brought

this action under the Privacy Act, *see* 5 U.S.C. § 552a (2010), alleging that the BOP has failed to

maintain its records pertaining to him adequately, and that its reliance on these records has

resulted in a decision adverse to him, that is, the denial of the credit to the service of his

sentence.[2]  *See generally* Compl. at ¶¶ 12-17.  Among other relief, the plaintiff demands the

---

[2]     The plaintiff availed himself of the BOP's Administrative Remedy Program in an effort
to obtain the credit he claims to have been wrongfully denied, *see generally* Compl. ¶¶ 29-46, the
final step of which is an appeal to the BOP's Central Office.  The Administrator of National
Inmate Appeals responded to the plaintiff's grievance as follows:

> This is in response to your Central Office Administrative Remedy Appeal in
> which you contend the decision denying you 12 days of Good Conduct Time
> (GCT) per year was arbitrary and retaliatory.  You claim the literacy standards do
> not require you to have or obtain a high school credential or equivalent, only to
> attain 240 hours of satisfactory progress. You request the GCT be reapplied to
> your release date.
>
> Any sentence imposed for an offense or offenses committed on or after April 26,
> 1996 will be executed according to the rules applicable to the Prison Litigation
> Reform Act of 1995 (PLRA).  Your sentence was imposed pursuant to [the
> PLRA], meaning, in part, you must maintain satisfactory participation in the
> literacy program to earn 54 days of GCT each year rather than 42 days.  As
> Program Statement 5350.28, <u>Literacy Program (GED Standard)</u>, provides,
> inmates who lack a high school credential or an equivalent GED credential must .
> . . attain 240 instructional hours of satisfactory progress toward earning a GED
> credential before satisfactory progress is reflected in [BOP] records.  You have
> not demonstrated an interest in fulfilling this requirement, despite the opportunity
> for doing so being available.  Records show your participation was considered
> unsatisfactory for the second time as of May 7, 2005 and currently remains as
> such.
>
> Although participation is not mandatory, your non-participatory status will remain
>      . . . and adversely affect your GCT earnings until you attain 240 hours of

(continued . . .)

amendment of the pertinent records and unspecified monetary damages.  *See id.* at 10-11

(demand for relief).

## II.  DISCUSSION

### A.  *Dismissal Standard Under Rule 12(b)(6)*[3]

The BOP moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

on the ground that the plaintiff's complaint fails to state a Privacy Act claim upon which relief

can be granted.  *See* Memorandum of Points and Authorities in Support of Defendant's Motion

to Dismiss ("Def.'s Mem.") at 1, 9-10.

A plaintiff need only provide a "short and plain statement of [his] claim showing that

[he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what

the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)

(per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation

marks omitted).  A complaint may be dismissed for failure to state a claim upon which relief can

be granted.  Fed. R. Civ. P. 12(b)(6).  In considering such a motion, the "complaint is construed

liberally in the plaintiff['s] favor, and [the Court] grant[s] [a] plaintiff[] the benefit of all

inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d

---

(. . . continued)
> satisfactory progress or provide verifiable documentation to staff illustrating you
> are not required to participate.

Compl., Ex. (Administrative Remedy No. 625858-A1, Part B – Response, dated June 17, 2011).

[3]     The BOP also argues that dismissal is warranted because the complaint "fails to state a claim under the simplified notice pleading requirements of Fed. R. Civ. P. 8(a)."  Def.'s Mem. at 6.  Recognizing that this *pro se* complaint can be read as "a rambling discourse of 68 paragraphs that, at times, is barely intelligible," *id.* at 7, the defendant managed to discern the assertion of a viable, even if unsuccessful, claim under the Privacy Act.  Dismissal under Rule 8(a), therefore, is not warranted.

1271, 1276 (D.C. Cir. 1994); *see Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C.

Cir. 2000).   However, "the [C]ourt need not accept inferences drawn by [the] plaintiff[] if such

inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.  Nor

must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions

devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal

quotation marks omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc*.,

525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal

conclusions cast in the form of factual allegations" (internal quotation marks omitted)).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at

678.  A claim is facially plausible "when the plaintiff pleads factual content that allows the

[C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. (quoting *Twombly,* 550 U.S. at 556).  "[A] complaint [alleging] facts that are merely

consistent with a defendant's liability . . . stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550

U.S. at 557).  Although a *pro se* complaint "must be held to less stringent standards than formal

pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation

omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere

possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672,

681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

B. *The Complaint Fails to State a Privacy Act Claim Upon Which Relief Can Be Granted*

The Privacy Act requires that a federal government agency "maintain all records which

[it uses] in making any determination about any individual with such accuracy, relevance,

timeliness, and completeness as is reasonably necessary to assure fairness to the individual in [an

agency] determination." 5 U.S.C. § 552a(e)(5). An individual may "gain access to his record,"

*id.* § 552a(d)(1), and "request amendment of a record pertaining to him," *id.* § 552a(d)(2), and

the agency shall "promptly[] either . . . make any correction of any portion thereof which [he]

believes is not accurate, relevant, timely, or complete; or . . . inform the individual of its refusal

to amend the record" as requested, *id.* § 552a(d)(2)(B); *see Doe v. Fed. Bureau of Investigation*,

936 F.2d 1346, 1350 (D.C. Cir. 1991) (stating that the Privacy Act "grants individuals the right

to obtain access to agency records pertaining to them, and to request amendment of any records

they believe to be inaccurate, irrelevant, untimely, or incomplete"). An individual may bring a

civil action against the agency in a federal district court if the agency refuses "to amend an

individual's record in accordance with his request," *id.* § 552a(g)(1)(A), or if the agency

> fails to maintain any record concerning any individual with such
> accuracy, relevance, timeliness, and completeness as is necessary
> to assure fairness in any determination relating to the
> qualifications, character, rights, or opportunities of, or benefits to
> the individual that may be made on the basis of such record, and
> consequently a determination is made which is adverse to the
> individual[,]

*id.* § 552a(g)(1)(C). If the Court finds that "the agency acted in a manner which was intentional

or willful, the United States shall be liable to the individual" for actual damages and the costs of

the action. *Id.* § 552(g)(4).

   Notwithstanding the protections ostensibly afforded under the Privacy Act, an agency

head may promulgate regulations to exempt certain systems of records if the system of records is

> maintained by an agency or component thereof which performs as
> its principal function any activity pertaining to the enforcement of
> criminal laws, including police efforts to prevent, control, or
> reduce crime or to apprehend criminals, and the activities of
> prosecutors, courts, correctional, probation, pardon, or parole
> authorities, and which consists of . . . reports identifiable to an

> individual compiled at any stage of the process of enforcement of
> the criminal laws from arrest or indictment through release from
> supervision.

5 U.S.C. § 552a(j)(2)(C).  Pursuant to this authority, the BOP regulations have exempted the

Inmate Central Records System from the amendment, accuracy, and civil remedy provisions of

the Privacy Act.  *See* 28 C.F.R. § 16.97(a)(4), (k).

An Inmate Central File contains sentence computation and good conduct credit

information, and all such files are maintained in the Inmate Central Records System.  *See*

Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files

(September 8, 1997) at 6-7 (listing contents, including most current SENTRY Sentence

Computation Record and Good Conduct Time Action Notice, of Section One of an inmate's six-

position Central File).  The plaintiff's Inmate Central File, including his "educational programs

progress and sentencing computation data, as well as any adjustments therein," Def.'s Mem. at

10, is maintained in a system of records that is exempt from the amendment, accuracy, and civil

remedy provisions of the Privacy Act.  And "[h]aving exempted its records from the substantive

provision regarding the agency's recordkeeping obligations, [the] BOP effectively deprives

litigants of a remedy for any harm caused by the agency's substandard recordkeeping."  *Ramirez*

*v. Dep't of Justice,* 594 F. Supp. 2d 58, 65 (D.D.C. 2009), *recons. denied*, 680 F. Supp. 2d 208

(D.D.C. 2010), *aff'd,* No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (per curiam);

*see Jennings v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 65, 72 (D.D.C. 2009).  The plaintiff's

claim which seeks the amendment of any information in the Inmate Central File, *see Skinner v.*

*Dep't of Justice*, 584 F.3d 1093, 1098 (D.C. Cir. 2009), and his claim challenging the accuracy

of the relevant records, *see Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)

(per curiam), as well as his claim for damages, *see Fisher v. Bureau of Prisons*, No. 05-0851, 2006 WL 401819, at *2 (D.D.C. Feb. 21, 2006), must therefore be dismissed.[4]

### C.  The Plaintiff's Claim Sounds in Habeas

By seeking the amendment of the BOP records under the Privacy Act, the plaintiff, in effect, seeks recalculation of his sentence whereby he will become eligible for release earlier than will be the case if he had not completed 965 hours of educational programing.  He is therefore seeking habeas relief.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (stating that habeas remedy is exclusive if success on the claim "would necessarily demonstrate the invalidity of confinement or its duration").  For a prisoner who "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500; *see Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000) (deeming habeas relief "exclusive even when a non-habeas claim would have a merely probabilistic impact on the

---

[4]     The plaintiff appears to have "withdrawn the 12 days good time issue," Petitioner's [sic] Arnold Reeves['] Reply to the Government[']s Motion to Dismiss ("Pl.'s Opp'n") at 2, while attempting to raise additional claims regarding staff interference with his mail, *see id.* at 2-3, refusal to revise the plaintiff's security level and custody classification, *id.* at 3, placement in a special housing unit, *id.* at 4, and other matters that were not alleged in the original complaint. The plaintiff cannot amend his pleading by presenting new factual allegations in his opposition to the defendant's motion to dismiss.  In order to amend his complaint as of right, he could have done so within 21 days after the defendant moved to dismiss his complaint on December 2, 2011. Fed. R. Civ. P. 15(a)(1)(B).  Otherwise, he was required to acquire the defendant's written consent or the court's permission in order to amend his complaint. Fed. R. Civ. P. 15(a)(2).  The plaintiff has taken neither course of action.

duration of custody"); *see also Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)

(habeas deemed the appropriate vehicle for federal prisoner arguing "that he is being deprived of

the chance to secure his release . . . by unlawfully being declared ineligible for parole

consideration"). A civil action under the Privacy Act is not the proper means by which a federal

prisoner may secure a reduction in the duration of his confinement. *See White v. U.S. Prob.*

*Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); *Razzoli*, 230 F.3d at 373 (concluding

that, "for a federal prisoner, habeas is indeed exclusive even when a non-habeas claim would

have a merely probabilistic impact on the duration of custody").

Furthermore, a habeas action is subject to jurisdictional and statutory limitations. *See*

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas

action is the petitioner's custodian who ordinarily is the warden of the facility where the

petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*,

151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey*, 864 F.2d at 810. And "a district

court may not entertain a habeas petition involving present physical custody unless the

respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374

F.3d 1235, 1239 (D.C. Cir. 2004) (internal citation omitted). This plaintiff cannot pursue his

habeas claim for a speedier release from custody in this Court, as he is not confined in a BOP

facility located in the District of Columbia.

## III.  CONCLUSION

For the foregoing reasons, the complaint fails to state a claim under the Privacy Act upon

which relief can be granted and, accordingly, the defendant's motion to dismiss will be granted.

An Order accompanies this Memorandum Opinion.


                                                    /s/_____
DATE: August 17, 2012                               REGGIE B. WALTON
                                                    United States District Judge